**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4248**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BARBARA ANN THOMAS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:21-cr-00016-TSK-MJA-4)

─────────────

Submitted:  March 16, 2023                         Decided:  March 20, 2023

─────────────

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Diana Stavroulakis, Weirton, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara Ann Thomas pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced her to 151 months' imprisonment, the bottom of the applicable advisory Sentencing Guidelines range.  Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Thomas' guilty plea is valid, whether Thomas' sentence is procedurally and substantively reasonable, and whether the appellate waiver provision in Thomas' plea agreement is enforceable.  Although notified of her right to do so, Thomas has not filed a pro se supplemental brief.  The Government declined to file a brief and has not moved to enforce the appeal waiver in Thomas' plea agreement.[*]  We affirm.

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty she faces upon conviction, and the various rights she is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b).  The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement.  Fed. R. Crim.

---

[*] Because the Government has not moved to enforce the appellate waiver, we conduct a full review pursuant to *Anders*.  *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

P. 11(b)(2), (3). In reviewing the adequacy of the court's compliance with Rule 11, we "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Thomas did not move in the district court to withdraw her guilty plea, we review the validity of her guilty plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Thomas must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden to establish that a plain error affected her substantial rights by showing a reasonable probability that she would not have pled guilty but for the district court's Rule 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Thomas' guilty plea is valid.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (first alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we must first determine whether the district court "committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain

3

the chosen sentence." *Id.* If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id*. Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id*. (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We are satisfied that Thomas' sentence of imprisonment is procedurally reasonable. Our review of the record confirms that the district court properly calculated the advisory Guidelines range to be 151 to 188 months' imprisonment, considered the § 3553(a) factors, addressed Thomas' mitigation arguments, and sufficiently explained the reasons for the sentence imposed. We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Thomas' 151-month sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*